UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT

United States Courts
Southern District of Texas
FILED

NOV 19 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| MARY RUFFIN | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| NICOLE WILLIAMS, IN HER INDIVIDUAL | ) | |
| CAPACITY | ) | |
| PATRICA GONZALEZ, IN HER | ) | |
| INDIVIDUAL AND OFFICIAL CAPACITIES | ) | |
| | ) | |
| *Defendant's* | ) | |
| | ) | |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

**(42 U.S.C. §§ 1983, 1985, and 1986)**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Mary Ruffin, appearing pro se, respectfully files this Complaint and alleges:

- 1 -

## I.     INTRODUCTION

This is a civil rights action arising from a deliberate and retaliatory scheme by Defendants to obstruct Plaintiff's constitutional right to access the courts, retaliate against me for protected legal activity, and manipulate judicial processes to silence her claims. Defendant [Nicole Williams ] acted with personal animus, rooted in her anger over Plaintiff's son's rejection of her, and escalated her hostility toward Plaintiff in a campaign of procedural sabotage.

With the knowing assistance or willful neglect of Defendant Patricia Gonzalez, Lead Clerk of the 281st District Court, this campaign resulted in the dismissal of Plaintiff's claims, the improper advancement of a defective counterclaim, and the denial of appellate review — all in violation of Plaintiff's rights under the First and Fourteenth Amendments.

Plaintiff alleges that the conduct of Defendant ( NICOLE WILLIAMS) in Civil Court at Law No. 2, 281st District Civil Court, and the Fourteenth Court of Appeals reflects a pattern of premeditated, calculated dishonesty behavior designed to obstruct litigation and deny Plaintiff access to justice.

These acts were not isolated errors, but part of a coordinated effort enabled by the Defendant Patricia Gonzalez, lead clerk under District Clerk Marilyn Burgess, whose undue influence over Judge Christine Weems resulted in repeated procedural violations. Judge Weems refused to allow Plaintiff to prepare or respond meaningfully, stating "I've made my ruling" and, in another instance, dismissing Plaintiff's attempt to clarify the record Judge Weems STOP IT by asking, "Is it anything other than what I read?" — despite the fact that what she read was not part of the official transcript, rendering it unreviewable on appeal.

Plaintiff further alleges the Defendant ( Patricia Gonzalez) influenced the clerks within the Fourteenth Court of Appeals to obstruct Plaintiff's filings and prevent legitimate litigation, while simultaneously enabling the Defendant ( NICOLE WILLIAMS) an opportunity to pursue nonexistent claims based on demonstrable falsehoods. This misconduct appears retaliatory, stemming from the Defendant's personal anger over Plaintiff's refusal to interfere with her adult son's decision that he did want to have a relationship with her.

These actions constitute abuse of discretion, denial of due process, and coordinated sabotage of Plaintiff's right to be heard, and they warrant both judicial and administrative review.

## II.    JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Harris County, Texas, within the Southern District of Texas.

## III.    PARTIES

•      Plaintiff is a resident of Harris County Texas who filed suit in the 281st District Court and was denied appellate review through procedural sabotage and retaliatory abuse of process.

•      Defendant [NICOLE WILLAMS ] is a private individual who acted under color of law by conspiring with court personnel to obstruct Plaintiff's access to the courts and retaliate against her for protected legal activity and personal rejection. She is sued in her **individual capacity**.

•     Defendant Patricia Gonzalez is the Lead Clerk of the 281st District Court. She is sued in both her **individual** and **official capacities**. At all relevant times, she acted under color of state law and knowingly enabled or failed to prevent the deprivation of Plaintiff's rights.

Plaintiff expressly reserves the right to amend this Complaint to add additional defendants as discovery progresses and further evidence of participation, conspiracy, or institutional complicity emerges. This includes, but is not limited to, any court personnel, supervisors, or third parties ( Marguerite Williams and Troy Williams ) who knowingly enabled, directed, or failed to prevent the constitutional violations described herein.

## IV. FACTUAL ALLEGATIONS

1. Plaintiff filed lawsuit on February 25, 2025, it was assigned to the 281st District Civil Court.

2. Defendant [NICOLE WILLIAMS ] filed a counterclaim on March 21, 2025 ( in spite of the E-Filed System alerting her about the fees she ignored).

3. Defendant Amended the Counterclaim on April 2, 2025, and added a Third Party ( my son) again did not pay the mandatory fees without paying the required filing fee and without filing an Statement of Inability to Pay the Counterclaim was not perfected.

4. Defendant's collusion with Patricia Gonzalez, a co-defendant in this matter, does not excuse or waive the mandatory filing fees required for a counterclaim under Texas law.

5. Any attempt to circumvent these statutory fees through internal influence or clerk manipulation is procedurally improper and legally invalid. The filing of a counterclaim without payment of the required fee — regardless of any relationship or coordination with court personnel — renders the pleading defective.

6. Plaintiff's appeal was dismissed on October 2, 2025, by the Fourteenth Court of Appeals in reference to Pro Se Attorney Fees ( in which they are not entitled) and the argument Nicole Williams Counterclaim was pending.

7. Nicole Williams falsely represented to the appellate court on November 3, 2025, that she had filed a Statement of Inability, which was later disproven when she paid the Counterclaim Fee on November 18, 2025 — after Plaintiff's appeal had already been dismissed.

8. Defendant [NICOLE FORD] has since denied making the representation about the Statement of Inability , despite it being documented in the record.

9. These falsehoods were material to the court's rulings and directly contributed to the advancement of Defendant's defective counterclaim while Plaintiff's appeal was obstructed and ultimately dismissed.

10. Defendant's conduct was not merely procedural — it was personal and retaliatory.

11. Defendant Gonzalez maintained frequent informal contact with [Nicole Williams ], selectively docketed filings, delayed or obstructed Plaintiff's pleadings, tampered with government documents, etc and failed to intervene despite knowledge of the procedural sabotage.

12. Plaintiff's case was dismissed for want of prosecution, while [Nicole Williams ] was permitted to proceed on a defective counterclaim under the same case number — despite jurisdictional defects and procedural irregularities.

13. Plaintiff emphasizes that her conduct throughout this litigation reflects the actions of a person seeking justice through lawful means — not the behavior of someone manipulating the system. Unlike Defendant (Nicole Willimas), Plaintiff has never conspired with any judge, clerk, or court staff, nor has she attempted to influence proceedings through improper channels.

14. Plaintiff has relied solely on evidence, and documented harm to support her cause of action. In contrast, Defendant's behavior — including off-record influence, collusion with court personnel, and retaliatory filings — is not consistent with innocence or good faith. It reflects a pattern of intentional manipulation, designed to obstruct Plaintiff's access to justice and evade accountability.

15. Plaintiff's record stands on verifiable facts and lawful filings. Defendant's actions must be scrutinized not as procedural missteps, but as deliberate misconduct that undermines the integrity of the judicial process.

16. These actions reflect a coordinated effort to silence Plaintiff, retaliate against her for protected legal activity and personal rejection, and deprive her of constitutional protection.

## V.    CLAIMS FOR RELIEF

Count 1 – Violation of 42 U.S.C. § 1983.

Defendants, acting under color of law, deprived Plaintiff of her rights to due process, equal protection, and access to the courts.

Count 2 – Conspiracy to Obstruct Justice (42 U.S.C. § 1985(2)).

Defendants conspired to impede Plaintiff's access to judicial proceedings through misrepresentation, retaliation, and manipulation.

Count 3 – Conspiracy to Deprive Equal Protection (42 U.S.C. § 1985(3))

Defendants acted in concert to deny Plaintiff equal protection under the law based on personal animus and abuse of process.

Count 4 – Neglect to Prevent Harm (42 U.S.C. § 1986)

Defendant Gonzalez had knowledge of the conspiracy and failed to prevent it, despite having the authority and duty to intervene.

## VI.    JURY REQUEST

Plaintiff's request a jury trial.

## VII.    EXHIBITS

**Exhibit A** – Harris County District Court 281st Dismissal Document Dated May 14, 2025 ( for failure to respond in which was due to illness/ error) to the Motion to Dismiss Pursuant Tex. R. Civ. P. 91a but the Plaintiff immediately attempted to cure and the court due to conspiring with her lead clerk(Patricia Gonzalez) had no intentions to allow that correction to occur.

**Exhibit B** – A copy of the Assignment Letter from the Fourteenth Court of Appeals.

**Exhibit C**- A copy of the letter from the Court Clerk for First and Fourteenth Court of Appeals challenging the Finality of the ORDER ( in which she had no authority an reasonable person would believe this was influenced by Patricia Gonzalez).

**Exhibit D**- A copy of the Dismissal of my  Appeal dated October 2, 2025 ( where they claim a Pro Se can receive Attorney Fees) by the Fourteenth Court of Appeals.

**Exhibit E** – A copy of the Plaintiff Motion for Rehearing En Banc been denied ( if was a large amount of evidence submitted – I preserve the right to later submit to the court) in addition the justices vacated the ORDER on October 2, 2025 to remove the attorney fees).

**Exhibit F**- A copy of a document Titled Appellee Response to Document Titled " Appellant Response to the Document Titled Response in Opposition to Appellant Letter Titled Rule 12 Request for Judicial Records Oath of Office and Surety Bond" in which Nicole Williams intentionally mis labeled the document because the very first statement states. " TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS: "COMES NOW THE APPELLEE/ DEFENDANT, AND RESPECTFULLY SUBMITS THIS RESPONSE TO THE APPELLANT/ PLAINTIFF'S MOTION FOR RECONSIDERATON EN BANC ." SHE GOES ON TO LIE ABOUT SHE HAS FILED A STATEMENT OF INABILITY AND HAS

REQUESTED THE COURT TO HONOR THE DEFENDANT'S STATEMENT OF INABILITY.

**She goes on to lie in reference to Civil Court At Law 2** – according to her the Counterclaim was filed March 21, 2025 ( that is when the fees were due) the E-file System instructed her about the fees it appears she was more focus on adding my son's name on the E-File Record ( people go through divorces all the time – this behavior is an red flag an alarms sounding).

Nicole Williams then filed an Amended Counterclaim on April 2, 2025, and attempted to add my son as third party on the document ( all because she stated she took cared of man and he still wanted out) she still refused to pay the necessary fees).

On April 3, 2025, Civil Court At Law 2 granted her transfer he instructed her the transfer fees will need to be paid.

Teneshia Hudspeth Clerk Office gave her time to cure before the court dismissed for Want of Prosecution in spite of all these been well documented and on the court record judges have chosen to close their eyes and to allow this Defendant to continue to STOP my due process.

Lastly in this Exhibit she informs the court DENY the Appellants' Motion for Reconsideration En Banc.

It must be understood that this conduct does not come from a seasoned attorney with decades of legal experience —- it comes from a pro se litigant. For decision-makers to disregard the danger Plaintiff faces is not merely a procedural oversight; it is a profound failure that echoes the very injustices we, as a nation, claim to reject.

When those in power close their eyes to reality, they enable harm, silence truth, and undermine the principles of justice they are sworn to uphold.

**Exhibit G – A COPY OF THE COURT COST DOCUMENT OF THE DEFENDANT PAYING THE COUNTERCLAIM FEES ON NOVEMBER 18, 2025-AND BEFORE JUDGE WEEMS SHE APPEARED TO HAVE DENIED EVER STATING TO THE FOURTEENTH COURT OF APPEALS SHE FILED A STATEMENT OF INABILITY.**

It is noteworthy that the conduct of these Defendants has not only violated civil norms and procedural safeguards but has also crossed into the realm of potential criminal liability.

The pattern of obstruction, falsification, and coordinated interference with Plaintiff's right to litigate — including manipulation of court records, denial , and collusion among clerks across multiple courts — reflects intentional, calculated acts that may constitute violations of Texas Penal Code provisions, **including but not limited to abuse of official capacity, tampering with governmental records, and official oppression.**

These acts were not merely negligent or discretionary missteps; they were premeditated, retaliatory, and executed with knowledge of their harmful impact, particularly in light of the personal motivations underlying the campaign to sabotage Plaintiff's access to justice.

Plaintiff asserts that the nature and severity of the misconduct described herein — including obstruction of justice, falsification of records, abuse of discretion, and coordinated interference with Plaintiff's constitutional rights — triggers a mandatory duty of referral under both ethical and statutory frameworks.

Specifically, Harris County Judge Lina Hidalgo and County Attorney Christian D. Menefee, having received formal service and notice of these allegations, are obligated to refer this matter to appropriate state and federal oversight agencies, including but not limited to:

- The State Commission on Judicial Conduct ( my grievance against Judge Weems was immediately DISMISSED).

- The Office of the Attorney General.

- The U.S. Department of Justice – Civil Rights Division.

- Local law Enforcement / District Attorney Office.

- The Texas Rangers Public Integrity ( **NEEDS TO GO RETRIEVE THE EVIDENCE OFF THE COURT RECORDS- THIS IS AN HUGE PUBLIC CORRUPTION RING ).**

- FBI.

Their failure to act or refer these allegations may constitute dereliction of duty, misprision of felony, or complicity in official misconduct, particularly where the harm involves denial of access to justice, manipulation of court records, and retaliation against a litigant for personal reasons.

Plaintiff demands that both officials fulfill their constitutional and statutory obligations to ensure that the named Defendants are held accountable through appropriate investigative and disciplinary channels.

It is further noteworthy that the parents ( **Troy Williams** and **Marguerite Williams** ) of Defendant **Nicole Williams** (which came to the court proceedings ) were fully aware of her manipulative, retaliatory, and harmful conduct, yet failed to intervene or report her behavior to any authority.

Their inaction, despite direct knowledge of her escalating misconduct — including interference with court proceedings, falsification of claims, and abuse of process — raises serious concerns about **complicity and failure to report criminal activity**.

Under Texas law, individuals who have actual knowledge of a felony and fail to report it may be subject to investigation under **Tex. Penal Code § 38.171 (Failure to Report Felony)**.

Their silence and passive endorsement of Defendant's actions contributed to the harm inflicted on Plaintiff and enabled the continuation of unlawful conduct that obstructed justice and endangered the integrity of the courts.

The record reflects Nicole Williams is an Registered RN – in which the Board of Nursing allowed her lie, perform fraud ( she constructed fraudulent check stubs( filed to the court) trying to get money as an Attorney), she E-Files under fraudulent pretense because the name LOWE she uses does not reference to her identity ( Judge Weems stated that was not a problem) she removed me as the Plaintiff on the E-File System to submit a document to Third-Party that was Discovery violation – then after her Co -Defendant (Patricia Gonzalez) completed this mission – they forgot to correct and then the Plaintiff discovered, the list goes on and on of these two criminal and constitution violations.

## VIII.    Service of Process

Plaintiff has served Christian D. Menefee, Harris County Attorney, and Lina Hidalgo, Harris County Judge, pursuant to Tex. Civ. Prac. & Rem. Code § 101.102(b), to effectuate service on Defendant [PATRICIA GONZALEZ] in her official capacity as a Harris County official. Plaintiff further states that [NICOLE WILLIAMS] is not a Harris County employee and is being sued in her individual capacity only.

## XI.    PRAYER FOR RELIEF

Plaintiff respectfully requests:

Declaratory judgment that Defendants violated her constitutional rights.

1.      Injunctive relief preventing further obstruction or retaliation.

2.      Award compensatory DAMAGES IN THE AMOUNT OF $300,000 against each
Defendant.

3.      and punitive damage,

4.      Award costs, and any other relief the Court deems just and proper.

Respectfully Submitted:

Mary Ruffin

P.O. Box 36615

Houston, Texas 77236

(832) 343-0499

ruffin_mary@yahoo.com

## Certificate of Service

I certify the foregoing instrument, Civil Cover Sheet, Summons, and Exhibit's, etc. was hand-delivered to the United States District Court for the Southern District at 515 Rusk St – Houston, Texas 77002 on this 19th day of November of 2025.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT

| | | |
|---|---|---|
| MARY RUFFIN | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| NICOLE WILLIAMS ,IN HER INDIVIDUAL | ) | |
| CAPACITY | ) | |
| PATRICA GONZALEZ, IN HER | ) | |
| INDIVIDUAL AND OFFICIAL CAPACITIES | ) | |
| | ) | |
| *Defendant's* | ) | |
| | ) | |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

**(42 U.S.C. §§ 1983, 1985, and 1986)**

# EXHIBIT A

4/15/2025 11:22 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 99681539
By: Patricia Gonzalez
Filed: 4/15/2025 11:22 AM

Pgs-2

11D

## CAUSE NO. 202512752

| | | |
|---|---|---|
| **Mary Jane Ruffin** | § | JUDICIAL DISTRICT COURT |
| *PLAINTIFF* | § | NO. 281 |
| | § | |
| v. | § | |
| **Nicole Williams Ford** | § | |
| *DEFENDANT* | § | HARRIS COUNTY, TEXAS |

### ORDER TO GRANT THE DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S LAWSUIT WITH PREJUDICE PURSUANT TEX. R. CIV. P. 91(a)

With no response on file,

It is ORDERED that the DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S

LAWSUIT WITH PREJUDICE PURSUANT TEX. R. CIV. P. 91(a) HEREBY GRANTED.

This ORDER was signed on _____

Signed:
5/14/2025

*[signature]*

Judge

Submitted on April 15, 2025

By: *Nicole Ford*

**Nicole Marie Ford, Pro Se**
6421 Innsbruck Meadows Lane,
Houston, TX 77048
Telephone: (832)734-3074
Email: Nicolewilliams.texas@gmail.com

Page 1 of 2

Unofficial Copy Office of Marilyn Burgess District Clerk

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above ORDER TO GRANT DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S LAWSUIT WITH PREJUDICE PURSUANT TEX. R. CIV. P. 91(a) was served on: <u>April 15, 2025,</u> pursuant to Texas Rule of Civil Procedure 501.4 by:

- ☐ Personal delivery
- ☐ Mail
- ☐ Fax
- ☐ Email *(if both parties have agreed in writing and provided an email address)*
- ☒ Another method approved by the court: <u>e-file</u>

_Nicole Ford_

Applicant's Signature

Unofficial Copy Office of Marilyn Burgess District Clerk

Page 2 of 2

Mary Jane Ruffin vs, Nicole Marie Ford Harris County, CAUSE NO. 202512752

**ORDER TO GRANT DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S LAWSUIT WITH PREJUDICE PURSUANT TEX. R. CIV. P. 91(a)**

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT


| | | |
|---|---|---|
| MARY RUFFIN | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| NICOLE WILLIAMS ,IN HER INDIVIDUAL | ) | |
| CAPACITY | ) | |
| PATRICA GONZALEZ, IN HER | ) | |
| INDIVIDUAL AND OFFICIAL CAPACITIES | ) | |
| | ) | |
| *Defendant's* | ) | |
| | ) | |


**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

**(42 U.S.C. §§ 1983, 1985, and 1986)**


# EXHIBIT B



# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
8/4/2025 2:47:07 PM
DEBORAH M. YOUNG
Clerk of The Court

DATE 8/4/2025

### NOTICE OF APPEALS
### ASSIGNMENT OF COURT THE COURT OF APPEALS

TO:   14TH COURT OF APPEALS

From:   Deputy Clerk: DESHA YATES
Marilyn Burgess, District Clerk
Harris County, T E X A S

**CAUSE: 2025-12752**        **COURT: 281ST**        **RELATED APPEAL: NONE**

**CASE STATUS: READY DOCKET**        **IMAGE #(S): 120609081**

**TENTATIVE DUE   8/14/2025**        **PRO-SE MARY RUFFIN**

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE   14TH COURT OF APPEALS**

**DATE JUDGMENT SIGNED:   5/14/2025**

**MOTION FOR RECONSIDERATION   5/15/2025**

**FINDINGS OF FACT & CONCLUSIONS OF LAW FILED   5/14/2025**

**REQUEST TRANSCRIPT DATE FILED   NONE**

**NOTICE OF APPEAL DATE FILED   8/4/2025**

**NUMBER OF DAYS: ( CLERKS RECORD )   10 DAYS**

**FILE ORDERED:   YES ☐   NO ☐   IMAGED FILED:   YES ☐   NO ☐**

**CODES FOR NOTICE OF APPEAL:   BC, C, OA**

**COURT REPORTER:   KATHLEEN MILLER**

MARILYNN BURGESS
Harris County, District Clerk

By: /s/ *Desha Yates*
DESHA YATES, Deputy

BC - NOTICE OF APPEAL FILED
BG - NOTICE OF APPEAL FILED – GOVERNMENT
C - JUDGMENT BEING APPEALED
D - ACCELERATED APPEAL
OA - NO CLERK'S RECORD REQUEST FILED
O - CLERK'S RECORD REQUEST FILED (W/ NOTICE OF APPEAL)
NA - AMENDED NOTICE OF APPEAL
CR – CROSS APPEAL
H - PAUPER'S OATH FILED

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT

| | |
|---|---|
| MARY RUFFIN | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) |
| | ) |
| NICOLE WILLIAMS ,IN HER INDIVIDUAL | ) |
| CAPACITY | ) |
| PATRICA GONZALEZ, IN HER | ) |
| INDIVIDUAL AND OFFICIAL CAPACITIES | ) |
| | ) |
| *Defendant's* | ) |
| | ) |

CIVIL ACTION NO.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

**(42 U.S.C. §§ 1983, 1985, and 1986)**

# EXHIBIT C

FILE COPY

| | | |
|---|---|---|
| **Justices** | | **Chief Justice** |
| KEN WISE | | TRACY CHRISTOPHER |
| KEVIN JEWELL | | |
| RANDY WILSON | | **Clerk** |
| BRAD HART | | DEBORAH M. YOUNG, CLERK OF THE |
| TONYA MCLAUGHLIN | | COURT |
| CHAD BRIDGES | | PHONE 713-274-2800 |
| KATY BOATMAN | | |
| MARITZA M. ANTÚ | | |



# Fourteenth Court of Appeals

301 Fannin, Suite 245
Houston, Texas 77002

Thursday, September 11, 2025

Mary Ruffin                          Nicole Williams Ford
P.O. Box 36615                       6421 Innsbruck Meadows Lane
Houston, TX 77236                    Houston, TX 77048
* DELIVERED VIA E-MAIL *             * DELIVERED VIA E-MAIL *

RE:   Court of Appeals Number:    14-25-00642-CV
      Trial Court Case Number:    2025-12752

Style:  Mary Ruffin
        v.
        Nicole Williams Ford


        The judgment before this court does not contain language of finality. See Bella Palma, LLC v. Young, 601 S.W.3d 799, 801 (Tex. 2020); Lehmann v. Har Con Corp., 39 S.W.3d 191, 206 (Tex. 2001). The court requests that within ten days, the parties:

        (1)    File a response demonstrating that all parties and all claims have been disposed of so that the judgment is final and appealable.
        (2)    File a response demonstrating a statutory exception permits an interlocutory appeal.
        (3)    File a motion pursuant to Tex. R. App. P. 27.2; or
        (4)    File a motion to dismiss pursuant to Tex. R. App. P. 42.3.

        The court will consider dismissal of the appeal on its own motion for want of jurisdiction unless any party files a response on or before September 22, 2025, showing meritorious grounds for continuing the appeal.


                                     Sincerely,

                                     /s/ Deborah M. Young,
                                     Clerk

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT

| | | |
|---|---|---|
| MARY RUFFIN | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| NICOLE WILLIAMS ,IN HER INDIVIDUAL | ) | |
| CAPACITY | ) | |
| PATRICA GONZALEZ, IN HER | ) | |
| INDIVIDUAL AND OFFICIAL CAPACITIES | ) | |
| | ) | |
| *Defendant's* | ) | |
| | ) | |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

**(42 U.S.C. §§ 1983, 1985, and 1986)**

# EXHIBIT D



**Appeal Dismissed and Memorandum Opinion filed October 2, 2025.**



10-02-25

**FILED**
Marilyn Burgess
District Clerk

OCT 02 2025

Time:
Harris County, Texas
By: Melissa Medina

In The

## Fourteenth Court of Appeals

### NO. 14-25-00642-CV

**MARY RUFFIN, Appellant**

V.

**NICOLE WILLIAMS FORD, Appellee**

On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2025-12752

## MEMORANDUM OPINION

This is an attempted appeal from an order granting a motion to dismiss with prejudice. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). The order being

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Unofficial Copy Office of Marilyn Burgess District Clerk

appealed does not dispose of appellee's claim for attorney's fees and sanctions. *See Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163-64 (Tex. 2015) (outstanding claim for attorney's fees under UDJA prevents finality of judgment). The record reflects that appellee's counterclaim is still pending before the trial court.

On September 11, 2025, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal on or before January 21, 2025. *See* Tex. R. App. P. 42.3(a). Appellant's response does not demonstrate this court's jurisdiction.

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Bridges, Boatman, and Antú.

2

October 2, 2025



## JUDGMENT

## The Fourteenth Court of Appeals

MARY RUFFIN, Appellant

NO. 14-25-00642-CV              V.

NICOLE WILLIAMS-FORD, Appellee

Today the court heard its own motion to dismiss the appeal from the order signed by the court below on May 14, 2025. Having considered the motion and found it meritorious, we order the appeal **DISMISSED**.

We further order this decision certified below for observance.

Judgment Rendered October 2, 2025.

Panel Consists of Justices Bridges, Boatman, and Antú. Opinion delivered Per Curiam.

Unofficial Copy Office of Marilyn Burgess District Clerk



Justices
KEN WISE
KEVIN JEWELL
RANDY WILSON
BRAD HART
TONYA MCLAUGHLIN
CHAD BRIDGES
KATY BOATMAN
MARITZA M. ANTÚ

**Fourteenth Court of Appeals**

301 Fannin, Suite 245
Houston, Texas 77002

FILE COPY    Chief Justice
TRACY CHRISTOPHER

Clerk
DEBORAH M. YOUNG, CLERK OF THE
COURT
PHONE 713-274-2800

Thursday, October 2, 2025

## NOTICE OF OPINION DISTRIBUTION

Mary Ruffin
P.O. Box 36615
Houston, TX 77236
* DELIVERED VIA E-MAIL *

Kathleen Miller
281ST District Court
Houston, TX 77002
* DELIVERED VIA E-MAIL *

Sheila Skidmore
Official Court Reporter
281st District Court
201 Caroline Street, 14th Floor
Houston, TX 77002
* DELIVERED VIA E-MAIL *

Nicole Williams Ford
6421 Innsbruck Meadows Lane
Houston, TX 77048
* DELIVERED VIA E-MAIL *

Harris County,  District Clerk, Civil Division
Harris County District Clerk - Civil
PO Box 4651
Houston, TX 77210-4651
* DELIVERED VIA E-MAIL *

Judge,  281st District Court
Harris County Civil Courthouse
201 Caroline, 14th Floor
Houston, TX 77002
* DELIVERED VIA E-MAIL *

Presiding Judge, Eleventh Administrative Judicial
Region
Honorable Susan Brown
Presiding Judge, Eleventh Administrative Judicial
Region
301 Fannin St.
Houston, TX 77002
* DELIVERED VIA E-MAIL *

Court Reporter,  281st District Court
Harris County Civil Courthouse
201 Caroline, 14th Floor
Houston, TX 77002
* DELIVERED VIA E-MAIL *

RE:    Court of Appeals Number:    14-25-00642-CV
     Trial Court Case Number:    2025-12752

Style:  Mary Ruffin
     v.
     Nicole Williams Ford

Please be advised the Court today issued an opinion which **DISMISSED** the above cause.

Texas Rule of Appellate Procedure 49 dealing with motions for rehearing and motions for en banc consideration has been revised effective October 1, 2021. A complete copy of the revised rules can be located at TJB | 14th COA | News | TRAP 49 Deadlines Revised effective October 1, 2021 (txcourts.gov).

You may obtain a copy of the Court's opinion and judgment at http://www.txcourts.gov/14thcoa/. On the request of any entity listed in Rule 48.1, a paper copy of the opinion will be mailed to that entity.

Sincerely,
\s\ Deborah M. Young, Clerk

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT

| | | |
|---|---|---|
| MARY RUFFIN | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| NICOLE WILLIAMS ,IN HER INDIVIDUAL | ) | |
| CAPACITY | ) | |
| PATRICA GONZALEZ, IN HER | ) | |
| INDIVIDUAL AND OFFICIAL CAPACITIES | ) | |
| | ) | |
| *Defendant's* | ) | |
| | ) | |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

**(42 U.S.C. §§ 1983, 1985, and 1986)**

# EXHIBIT E

**Motion for Rehearing Denied; Amended Motion for En Banc Reconsideration Dismissed as Moot; Opinion issued October 2, 2025 Withdrawn, Judgment issued October 2, 2025 Vacated; Appeal Dismissed and Substitute Memorandum Opinion filed November 13, 2025.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-25-00642-CV

**MARY RUFFIN, Appellant**

**V.**

**NICOLE WILLIAMS FORD, Appellee**

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2025-12752**

## MEMORANDUM OPINION[1]

This is an attempted appeal from an order granting a motion to dismiss with prejudice. Generally, appeals may be taken only from final judgments. *Lehmann v.*

---

[1] We withdraw the opinion issued October 2, 2025 and vacate our judgment of October 2, 2025. We issue this substitute opinion in its place. We deny appellant's motion for rehearing and appellant's amended motion for en banc reconsideration is dismissed as moot.

*Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). The record reflects that appellee's counterclaim is still pending before the trial court.

On September 11, 2025, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal on or before September 22, 2025. *See* Tex. R. App. P. 42.3(a). Appellant's response does not demonstrate this court's jurisdiction.

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Bridges, Boatman, and Antú.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT


| | | |
|---|---|---|
| MARY RUFFIN | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| NICOLE WILLIAMS ,IN HER INDIVIDUAL | ) | |
| CAPACITY | ) | |
| PATRICA GONZALEZ, IN HER | ) | |
| INDIVIDUAL AND OFFICIAL CAPACITIES | ) | |
| | ) | |
| *Defendant's* | ) | |
| | ) | |


**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

**(42 U.S.C. §§ 1983, 1985, and 1986)**


# EXHIBIT F

ACCEPTED
14-25-00642 CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
11/3/2025 7:58 AM
DEBORAH M. YOUNG
CLERK OF THE COURT

# IN THE

# FOURTEENTH COURT OF APPEALS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
11/3/2025 7:58:03 AM
DEBORAH M. YOUNG
Clerk of The Court

## CAUSE NUMBER 14-25-00642 CV

## MARY RUFFIN, APPELLANT

## V.

## NICOLE WILLIAMS FORD

## APPELLEE

**On Appeal the District Court of Harris County, 281st, Cause No. 202512752, Judge Weems Presiding.**

# APPELLEE RESPONSE TO DOCUMENT TITLED "APPELLANT RESPONSE TO THE DOCUMENT TITLED RESPONSE IN OPPOSITION TO APPELLANT LETTER TITLED RULE 12 REQUEST FOR JUDICIAL RECORDS OATH OF OFFICE AND SURETY BOND"

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW, the Appellee/Defendant, and respectfully submits this

Response to the Appellant/Plaintiff's Motion for Reconsideration En Banc.

In support thereof, Appellee/Defendant would show as follows:

---

## I. INTRODUCTION

The Appellant seeks reconsideration en banc regarding the trial

court's refusal to dismiss the Appellee/Defendant's counterclaim for failure

to pay filing fees. However, under well-established Texas law, nonpayment

of a filing fee does not automatically divest the trial court of jurisdiction, nor

does it invalidate a pleading that was timely tendered.

Appellee/Defendant filed her pleadings in good faith, believing fees

were satisfied due to merger of related cases in Harris County. The

Appellee/Defendant has now filed a Statement of Inability to Afford Court

Costs pursuant to Rule 145 of the Texas Rules of Civil Procedure, and has

requested the Court to honor the Defendant's Statement of Inability to

Afford Court Costs nunc pro tunc as covering her prior filings. The trial

court acted within its authority in allowing her counterclaim to proceed.

---

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

1. The Plaintiff originally filed her lawsuit on February 25, 2025.
   Citation was not executed until March 21, 2025. The
   Appellee/Defendant was unaware that the case had been filed.

2. Prior to being served, the Appellee/Defendant had already filed her
   own lawsuit in **Harris County Civil Court at Law No. 2, Cause
   No. 1246458**, and paid the filing fees in that cause.

3. When the present case was later merged or consolidated with the
   earlier cause, the Appellee/Defendant reasonably believed that the
   filing fees from the prior case covered all proceedings. She
   received no notice from the Clerk or Court that additional fees were
   required.

4. The Appellee/Defendant has limited financial means and supports
   five children as a single parent. She was not aware of her right to
   file a Statement of Inability to Afford Court Costs at that time. She
   has since filed such a statement and requested that it apply nunc pro
   tunc to her prior filings, including the Counterclaim fee.

5. The Plaintiff's claims are based on false allegations. The Plaintiff
   has admitted to law enforcement that the Appellee/Defendant did
   not threaten her, contradicting her earlier sworn statements. Despite

this, the Plaintiff continues to pursue frivolous filings, consuming court resources. Please see the below exhibits.

6. The Appellee/Defendant's counterclaim for Defamation of Character is supported by evidence that the Plaintiff contacted her employer, Child Protective Services (CPS), Texas Southern University Daycare, Houston Independent School District, Texas Children's Hospital, news outlets, and even the FBI, spreading false and damaging statements that caused the Appellee/Defendant to lose her employment and suffer reputational harm.

7. The Appellant now seeks to avoid addressing the merits of the counterclaim by arguing a procedural defect that has since been cured by the Appellee/Defendant's filing under Rule 145.

---

### III. ARGUMENT AND AUTHORITIES

**A. Failure to Pay a Filing Fee Does Not Deprive the Court of Jurisdiction**

Texas law is clear that the failure to pay a filing fee at the time of submission does not automatically deprive the trial court of jurisdiction or render a pleading void. A document tendered to the clerk is conditionally

filed on the date it is presented, even if the fee is not paid at that moment.

See *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993) (per curiam) (a

filing is "filed" when tendered to the clerk and is conditionally filed even

without the filing fee). The Supreme Court reaffirmed this principle in *Tate*

*v. E.I. DuPont de Nemours & Co.*, 934 S.W.2d 83 (Tex. 1996), explaining

that a filing is acceptable when the fee is later paid or when the party's

Statement of Inability to Afford Court Costs is accepted.

## B. Rule 145 Protects Indigent Parties

Under Tex. R. Civ. P. 145, a party who files a Statement of Inability

to Afford Payment of Court Costs is not required to pay those costs unless

the trial court later orders payment after hearing. The clerk must docket the

case and issue citation despite nonpayment while the indigency issue

remains pending. Therefore, dismissal of a counterclaim for failure to pay a

fee, particularly when the party is indigent or unaware of the requirement

due to merger, violates Rule 145 and due process principles.

## C. Harris County Precedent Upholds Jurisdiction in Similar Situations

The Houston Fourteenth Court of Appeals has followed *Jamar* and

recognized that pleadings are considered filed when tendered, even when

filing fees are unpaid. Procedural rules should not be applied so strictly as to deny access to justice. See *Quanaim v. Frasco*, 14th Ct. App. (Houston) (citing *Jamar*, 868 S.W.2d at 319). The appropriate remedy for unpaid fees is taxation as costs or opportunity to cure, not dismissal.

### D. Application to This Case

Appellee/Defendant's counterclaim was timely filed and conditionally accepted. She has now filed a valid Statement of Inability to Afford Court Costs, which retroactively satisfies any procedural defect. There is no showing of bad faith or intentional disregard of the rules. The Appellee/Defendant acted under a reasonable belief that fees had been covered due to case consolidation and was never notified otherwise. Accordingly, the trial court correctly retained jurisdiction and properly declined to dismiss the counterclaim. The Appellant's request for reconsideration en banc should be denied.

---

## IV. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, the Appellee/Defendant respectfully prays that this Honorable Court:

1. **DENY** the Appellant's Motion for Reconsideration En Banc;

2. **AFFIRM** the trial court's authority to retain jurisdiction over the Appellee/Defendant's counterclaim;

3. **RECOGNIZE** the validity of the Appellee/Defendant's Statement of Inability to Afford Court Costs under Rule 145; and

4. **AWARD** such other and further relief to which the Appellee/Defendant may be justly entitled, at law or in equity.

Submitted on: November 3, 2025

Respectfully submitted,

**Nicole Marie Ford, Pro Se**
6421 Innsbruck Meadows Lane,
Houston, TX 77048
Phone: (832)734-3074

Nicolewilliams.texas@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above APELLEE RESONSE TO

DOCUMENT TITLED "APPELLANT REPONSE TO THE DOCUMENT

TITLED RESPONSE IN OPPOSITION TO APPELLANT LETTER

TITLED RULE 12 REQUEST FOR JUDICTAL RECORDS OATH OF

OFFICE AND SURETY BOND" was served on: <u>November 3, 2025,</u>

pursuant to Texas Rule of Civil Procedure 501.4 by:

    ☐ Personal delivery

    ☐ Mail

    ☐ Fax

    ☐ Email *(if both parties have agreed in writing and provided an email*

    *address)*

    ☒ Another method approved by the court: <u>E-File</u>

_____

Applicant's Signature

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT


| | |
|---|---|
| MARY RUFFIN | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) |
| | ) |
| NICOLE WILLIAMS ,IN HER INDIVIDUAL | ) |
| CAPACITY | ) |
| PATRICA GONZALEZ, IN HER | ) |
| INDIVIDUAL AND OFFICIAL CAPACITIES | ) |
| | ) |
| *Defendant's* | ) |
| | ) |

CIVIL ACTION NO.


**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

**(42 U.S.C. §§ 1983, 1985, and 1986)**


# EXHIBIT G

[Z1A]



## 202512752 - RUFFIN, MARY vs. FORD, NICOLE WILLLIAMS (Court 281)

**Print All** 🖶 *(non-financial)*
**Chronological History**

### Summary

### Images ☆

### Appeals

### Cost Statements

### Transfers

### Post Trial Writs

### Abstracts

### Parties

### Court Costs

* Click the transaction to view detailed court cost information.

|  |  |
|---|---|
| Assessments: | $1,701.00 |
| Payments: | $80.00 |
| Due: | $1,621.00 |
| Total Transactions: | 11 |
| Transactions Due: | 10 |
| Pay Now: | 💳  ⓘ |

☐ Select all due payments

☐ 🖨 Trans # 215775355          RUFFIN, MARY(Responsible Cust # S3116389)          🖶

| Date | Register # | Receipt # | Court Cost | Amount Paid | Amount Due | Action Type | Due Type | Pay N |
|---|---|---|---|---|---|---|---|---|
| 2/25/2025 | 23 | 32451 | $ 536.00 | $ 0.00 | $ 536.00 | OTHER CIVIL | Paupers Due | 💳 |

☐ 🖨 Trans # 215944287          RUFFIN, MARY(Responsible Cust # S3116389)          🖶

| Date | Register # | Receipt # | Court Cost | Amount Paid | Amount Due | Action Type | Due Type | Pay N |
|---|---|---|---|---|---|---|---|---|
| 4/17/2025 | 23 | 32751 | $ 186.00 | $ 0.00 | $ 186.00 | ADDITIONAL SERVICE | Paupers Due | 💳 |

☐ 🖨 Trans # 215955148          RUFFIN, MARY(Responsible Cust # S3051624)          🖶

| Date | Register # | Receipt # | Court Cost | Amount Paid | Amount Due | Action Type | Due Type | Pay N |
|---|---|---|---|---|---|---|---|---|
| 4/28/2025 | 23 | 32797 | $ 186.00 | $ 0.00 | $ 186.00 | SUBPOENA(S) | Paupers Due | 💳 |

☐ ☑     Trans # 216117536       Lowe, Nicole(Responsible Cust # I2107077)       🖶     Pay M

| Date | Register # | Receipt # | Court Cost | Amount Paid | Amount Due | Action Type | Due Type | |
|---|---|---|---|---|---|---|---|---|
| 8/7/2025 | 104 | 1032965 | $ 93.00 | $ 0.00 | $ 93.00 | NO FEE DOCUMENTS NOT ANSWERS | Paupers Due | |

☐ ☑     Trans # 216117537       Lowe, Nicole(Responsible Cust # I2107077)       🖶     Pay M

| Date | Register # | Receipt # | Court Cost | Amount Paid | Amount Due | Action Type | Due Type | |
|---|---|---|---|---|---|---|---|---|
| 8/7/2025 | 104 | 1032966 | $ 93.00 | $ 0.00 | $ 93.00 | NO FEE DOCUMENTS NOT ANSWERS | Paupers Due | |

☐ ☑     Trans # 216117538       Lowe, Nicole(Responsible Cust # I2107077)       🖶     Pay M

| Date | Register # | Receipt # | Court Cost | Amount Paid | Amount Due | Action Type | Due Type | |
|---|---|---|---|---|---|---|---|---|
| 8/7/2025 | 104 | 1032967 | $ 93.00 | $ 0.00 | $ 93.00 | NO FEE DOCUMENTS NOT ANSWERS | Paupers Due | |

☐ ☑     Trans # 216117539       Lowe, Nicole(Responsible Cust # I2107077)       🖶     Pay M

| Date | Register # | Receipt # | Court Cost | Amount Paid | Amount Due | Action Type | Due Type | |
|---|---|---|---|---|---|---|---|---|
| 8/7/2025 | 104 | 1032968 | $ 93.00 | $ 0.00 | $ 93.00 | NO FEE DOCUMENTS NOT ANSWERS | Paupers Due | |

☐ ☑     Trans # 216149475       Lowe, Nicole(Responsible Cust # I2107077)       🖶     Pay M

| Date | Register # | Receipt # | Court Cost | Amount Paid | Amount Due | Action Type | Due Type | |
|---|---|---|---|---|---|---|---|---|
| 8/21/2025 | 104 | 1034768 | $ 93.00 | $ 0.00 | $ 93.00 | NO FEE DOCUMENTS NOT ANSWERS | Paupers Due | |

☐ ☑     Trans # 216152491       LOWE, NICOLE(Responsible Cust # S3155014)       🖶     Pay M

| Date | Register # | Receipt # | Court Cost | Amount Paid | Amount Due | Action Type | Due Type | |
|---|---|---|---|---|---|---|---|---|
| 8/25/2025 | 23 | 33228 | $ 132.00 | $ 0.00 | $ 132.00 | ADDITIONAL SERVICE | Paupers Due | |

☐ ☑     Trans # 216171340       RUFFIN, MARY(Responsible Cust # S3083887)       🖶     Pay M

| Date | Register # | Receipt # | Court Cost | Amount Paid | Amount Due | Action Type | Due Type | |
|---|---|---|---|---|---|---|---|---|
| 9/9/2025 | 50 | 26487 | $ 116.00 | $ 0.00 | $ 116.00 | ADDITIONAL FEES | Paupers Due | |

☒     Trans # 216294508       WILLIAMS, NICOLE MARIE(Responsible Cust # S3171712)       🖶

| Date | Register # | Receipt # | Court Cost | Amount Paid | Amount Due | Action Type | Due Type |
|---|---|---|---|---|---|---|---|
| 11/18/2025 | 39 | 17346 | $ 80.00 | $ 80.00 | $ 0.00 | COUNTERCLAIM-CIVIL | Paid |

**Assessed Fees**

| Fee Code | Description | Quantity | Unit Price | Assessed | Collected | Due |
|---|---|---|---|---|---|---|
| 718 | CLERK BASIC FILING FEE | 1 | $ 15.00 | $ 15.00 | $ 15.00 | $ 0.00 |
| 719 | CLERK RECORDS MANAGEMENT PRESERVATION | 1 | $ 20.00 | $ 20.00 | $ 20.00 | $ 0.00 |
| 721 | STATE CONSOLIDATION ACTION FUND | 1 | $ 45.00 | $ 45.00 | $ 45.00 | $ 0.00 |
| | | | Total: | $ 80.00 | $ 80.00 | $ 0.00 |

**Payments**

| Cust ID | Customer | Type | Date | Trans ID | Reg # | Rec # | Amt Applied | Payment Amt | State Fee Amt |
|---|---|---|---|---|---|---|---|---|---|
| ⊞ S3171712 | WILLIAMS, NICOLE MARIE | Mastercard | 11/18/2025 | 216294508 | 39 | 17346 | $ 80.00 | $ 80.00 | $ 0.00 |

Assessments:    $1,701.00

| | |
|---:|:---|
| Payments: | $80.00 |
| Due: | $1,621.00 |
| Total Transactions: | 11 |
| Transactions Due: | 10 |

**Judgments/Events**

**Settings**

**Services/Notices**

**Court Registry**

**Child Support**

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARY RUFFIN

**(b)** County of Residence of First Listed Plaintiff    HARRIS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

### DEFENDANTS
Nicole Williams

Patricia Gonzalez -in her individual and official capacities

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | Personal Injury Product Liability | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | **FEDERAL TAX SUITS** | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| | 448 Education | [X] 540 Mandamus & Other | 462 Naturalization Application | | |
| | | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §§ 1983, 1985(2), 1985(3), and 1986 – Retaliation, obstruction of access to courts, conspiracy to deprive equal protection, and neglect to

Brief description of cause:    Prevent harm
The federal statutes I'm invoking, the nature of the violations (retaliation, obstruction, conspiracy, neglect) This civil rights case under federal law.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    [X] Yes    [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*

JUDGE    Judge Weems/ Justices Fourteenth Court of App    DOCKET NUMBER    2025-12752/ 14-25-00642 CV

DATE    November 19, 2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE